IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KRISTINE ANN COLEMAN,** | 3:10-CV-06357-JE |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE,**<br>Commissioner of Social<br>Security, | |
| Defendant. | |

**KATHRYN TASSINARI**
**ROBERT A. BARON**
Harder, Well, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

       Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1  -  OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**MATTHEW W. PILE**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3760

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Kristin A. Coleman's Motion (#24) for Fees in which she seeks $4,878.23 in attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

    For the reasons that follow, the Court **GRANTS** Plaintiff's Application and **AWARDS** fees to Plaintiff in the amount of **$4,878.23**.

## BACKGROUND

    On February 28, 2012, Magistrate Judge John Jelderks issued Findings and Recommendation in which he recommended this Court affirm the Commissioner's decision denying Plaintiff's application for supplemental security income.  Plaintiff filed timely Objections in which Plaintiff asserted the ALJ erred when he (1) concluded at Step Two of the sequential analysis that Plaintiff's anxiety and depression were nonsevere impairments; (2) discredited Plaintiff's subjective-symptom testimony;

2  -   OPINION AND ORDER

(3) failed to provide legally sufficient reasons for rejecting the opinion of Plaintiff's examining psychologist, Judith Eckstein, Ph.D.; and (4) failed to provide legally sufficient reasons for rejecting the opinion of Plaintiff's treating physician, Lorne Bigley, M.D, that concurred with the findings of Dr. Eckstein.

On March 30, 2012, the Court issued an Order in which it concluded the ALJ erred at Step Two with respect to the severity of Plaintiff's mental impairments. Specifically, the Court concluded

> the record contains substantial evidence that Plaintiff suffers from an Adjustment Disorder with depressive and anxious features that significantly affects her ability to perform work-related functions such as concentrating, maintaining pace, remembering information, and following instructions. Tr. 185, 227-28, 235, 241-49, 293-98, 304-07, 309-310. Accordingly, the Court concludes the ALJ erred in applying the "*de minimus* screening" standard at Step Two when he concluded Plaintiff's mental impairments were not severe.

Order at 4-5. The Court concluded the ALJ's error at Step Two

> bears significantly on each of Plaintiff's remaining Objections in the following respects: (1) part of the ALJ's rationale for rejecting Plaintiff's credibility was based on inconsistent statements by Plaintiff and on her inconsistent approach to her mental health treatment, both of which may have been affected by her anxiety, depression, and resulting memory impairment (*See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)); (2) the ALJ's primary basis for affording Dr. Eckstein's opinion "little weight" was that her opinion was based on Plaintiff's discredited subjective descriptions of her symptoms; and

>   (3) the ALJ's assessment of Dr. Bigley's opinion
>   concurring with Dr. Eckstein's opinion failed to
>   account for Dr. Bigley's treatment of Plaintiff's
>   mental impairments in 2008 and 2009.

Order at 5. The Court, therefore, declined to adopt the Findings and Recommendation and entered a Judgment remanding this matter to the Commissioner for further proceedings on March 30, 2012.

On June 26, 2012, Plaintiff filed her Motion for Fees pursuant to EAJA.

### **STANDARDS**

Under EAJA the Court may award attorneys' fees to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an

4 - OPINION AND ORDER

award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions were substantially justified if they were reasonably based on both law and fact. *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

The Commissioner bears the burden to establish that all of his positions were substantially justified. *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007)("[T]he government must show that *all* of these positions were substantially justified in order to avoid an award of EAJA fees.").

Under EAJA the hourly rate for attorneys' fees is capped at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]." 28 U.S.C. § 2412(d)(2)(A). If the government acts in bad faith, however, fees may be awarded at the market rate rather than at the EAJA-mandated rate. 28 U.S.C. §§ 2412(b), (c). *See also*

*Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)("The district court may award attorney fees at market rates for the entire course of litigation . . . if it finds that the fees incurred during the various phases of litigation are in some way traceable to the Secretary's bad faith."). The "bad faith exception is 'a narrow one,' typically invoked in cases of 'vexatious, wanton, or oppressive conduct.'" *Id.* at 495 (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987), and citing *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116 (1979)). The bad-faith exception "is punitive, and the penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.'" *Beaudry Motor Co. v. Abko Prop. Inc.*, 780 F.2d 751, 756 (9th Cir. 1986)(quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)).

## DISCUSSION

Plaintiff seeks $4,878.23 in attorneys' fees for 27.05 hours of work performed by attorney Kathryn Tassinari.[1] It is undisputed that Plaintiff is a prevailing party under EAJA.

Plaintiff contends in her Motion for Fees that she is

---

[1] Although both Kathryn Tassinari and Brent Wells are listed as counsel of record in this matter and Kathryn Tassinari states in her Declaration that "[w]e are the attorneys for Plaintiff in this action," the breakdown of tasks performed and hours worked attached as Exhibit B to Tassinari's Declaration notes only "Services by Kathyrn Tassinari in USDC" and contains the total number of hours of work performed in this matter.

6  -   OPINION AND ORDER

entitled to attorneys' fees at the rates specified in EAJA because the government's positions were not substantially justified.

Although Defendant does not object to the hours or rate sought by Plaintiff's counsel, Defendant contends his positions were substantially justified.

**I.   Substantial Justification.**

Defendant maintains his position as to Plaintiff's mental impairments at Step Two was substantially justified because Dr. Eckstein's opinion as to Plaintiff's significant mental limitations was based on the properly rejected, subjective complaints of Plaintiff, and an ALJ may discount such medical opinion evidence.  The Court, however, noted in its March 30, 2012, Order that the record reflects Dr. Eckstein based her opinion on her own observations and objective medical evidence. In addition, the Court concluded the ALJ's error at Step Two bears on the ALJ's rationale for rejecting Plaintiff's credibility.  Thus, although an ALJ may reject medical opinion evidence based on properly rejected claimant testimony, the ALJ here may not have properly rejected Plaintiff's testimony, and, in any event, Dr. Eckstein did not rely solely on Plaintiff's subjective complaints.

On this record the Court finds Defendant's position as to Plaintiff's impairments at Step Two was not substantially

7   -   OPINION AND ORDER

justified.  The Court, therefore, need not address Plaintiff's additional arguments.  *See Li*, 505 F.3d at 918.

## II. Reasonableness of the Attorneys' Fee Request by Plaintiff.

Plaintiff seeks a total of $4,878.23 in fees at hourly rates of $175.06 for time expended in 2010, $177.96 for time expended in 2011, and $182.37 for time expended in 2012.  The rates sought by Plaintiff are within the statutory cap on hourly rates provided for under EAJA, and Defendant does not object to these hourly rates.  Accordingly, the Court concludes the hourly rates sought by Plaintiff are reasonable.

In addition, Defendant does not object to the number of hours for which Plaintiff seeks attorneys' fees.  Courts in this District have found an even greater number of hours to be reasonable in cases involving similar records.  *See, e.g., Aranda v. Astrue*, No. 08-CV-340-MA, 2011 WL 2413996 (D. Or. June 8, 2011)(65.25 hours expended before appeal to the Ninth Circuit was reasonable);  *Gunderson v. Astrue*, No. 08-CV-183-BR, 2010 WL 4687642 (D. Or. Nov. 10, 2010)(68.3 hours expended was reasonable);  *Bakewell v. Astrue*, No. 07-CV-1295-BR, 2010 WL 3522379 (D. Or. Sept. 8, 2010)(72.30 hours expended was reasonable).

The Court concludes on this record that the successful efforts by Plaintiff's attorney on behalf of Plaintiff and Plaintiff's submissions in support of her Motion for Fees

8   -   OPINION AND ORDER

establish Plaintiff's request for attorneys' fees is reasonable at the EAJA-mandated rates.

Accordingly, the Court awards Plaintiff a total of $4,878.23 in attorneys' fees pursuant to EAJA.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#24) for Fees pursuant to EAJA and **AWARDS** Plaintiff attorneys' fees in the amount **$4,878.23**.

IT IS SO ORDERED.

DATED this 19th day of September, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District